IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| CECILIA PEREZ and YONI PEREZ, | ) |
| Plaintiffs, | ) |
| v. | ) No. 3-382-20 |
| WALMART SUPERCENTER #2065 and WALMART INC., | ) |
| Defendants. | ) |

## COMPLAINT

COME the Plaintiffs, Cecilia Perez and Yoni Perez, by and through counsel, and file this Complaint, and for their cause of action against the Defendants, Walmart Supercenter #2065 and Walmart Inc., would state as follows:

1. The Plaintiffs, Cecilia Perez and Yoni Perez, are citizens and residents of Tennessee, residing 5226 Jacksboro Pike, Knoxville, Knox County, Tennessee 37918. Cecilia Perez and Yoni Perez are a married couple.

2. The Defendant, Walmart Supercenter #2065, is believed to be a business entity engaged in the sale of retail merchandise located at a business known as Walmart located at 8445 Walbrook Drive, Knoxville, Tennessee 37923. Upon information and belief, Defendant is believed to be a foreign corporation formed in Delaware and doing business in Tennessee with a principal office address of 708 SW 8th Street, Bentonville, AR 72712-6209. The Defendant can be served with process upon its registered agent, C T Corporation System, 300 Montvue Rd., Knoxville, Tennessee 37919-5546.

3. The Defendant, Walmart Inc., is believed to be a foreign corporation formed in Delaware and doing business in Tennessee with a principal office address of 708 SW 8th Street,

**EXHIBIT B**

Bentonville, AR 72712-6209. The Defendant, Walmart Inc., can be served with process upon its registered agent, C T Corporation System, 300 Montvue Rd., Knoxville, Tennessee 37919-5546.

4. Upon information and belief, the Defendants, Walmart Supercenter #2065 and Walmart Inc. (hereinafter, collectively, "the Defendants"), own, operate, and control a retail shopping store known as Walmart located in Knox County, Tennessee, at 8445 Walbrook Drive, Knoxville, Tennessee 37923.

5. Jurisdiction and venue in this cause are proper pursuant to Tenn. Code Ann. § 16-10-101 and Tenn. Code Ann. § 20-4-101 in that the incident at issue occurred in Knox County, Tennessee.

6. Upon information and belief, given the ownership, operation, and control of the retail shopping store known as Walmart located at 8445 Walbrook Drive, Knoxville, Tennessee 37923, the Defendants are liable for the negligent and/or reckless acts or omissions of any agents, servants, employees, managers, directors, and/or other personnel under the doctrine of *respondeat superior* or other agency relationships.

7. The Plaintiffs would show that on November 26, 2019, the Plaintiff, Cecilia Perez (hereinafter "the Plaintiff Perez") was shopping at the Walmart located at 8445 Walbrook Drive, Knoxville, Tennessee, 37923.

8. At all material times herein, the Plaintiff Perez was a business invitee or guest of the Defendants.

9. While on the premises and shopping for products as an invited customer, the Plaintiff Perez was seriously injured when she was struck about her head, neck, shoulder, back and right foot by two cases and/or boxes of what was believed to be beans that fell from a stock cart.

2

10. The Plaintiff Perez avers that owing to the wrongful and negligent acts and omissions of the Defendants with regard to the manner in which the two cases and/or boxes of what was believed to be beans was placed, stored and/or otherwise stacked on the stock cart, the Plaintiff Perez was struck on the head, neck, shoulder, back and right foot thereby sustaining severe, painful, disabling and permanent injury as more fully described hereinafter.

11. The Plaintiff Perez alleges that the aforesaid occurrence was directly caused by the proximate negligence of the Defendants.

12. The Plaintiff Perez would allege that the dangerous placing, storing and/or otherwise stacking of the two cases and/or boxes of what was believed to be beans was created by the agents, servants, employees, and/or personnel of the Defendants who knew or should have known in the exercise of reasonable care and caution of the dangerous condition of the placing, storing and/or otherwise stacking of the two cases and/or boxes of what was believed to be beans on the stock cart.

12. The Plaintiff Perez would additionally and alternatively allege that the agents, servants, employees, and/or personnel of the Defendants knew or should have known in the exercise of reasonable care that the condition of the placing, storing and/or otherwise stacking of the two cases and/or boxes of what was believed to be beans on the stock cart had become dangerous and constituted a hazard in that they failed to alleviate this condition.

13. Additionally and alternatively, the Plaintiff Perez would allege and aver that the agents, servants, employees, and/or personnel of the Defendants negligently failed to properly and adequately warn the Plaintiff and others similarly situate of the dangerous condition of their premises.

14. The Plaintiff Perez avers that the aforesaid acts of negligence constitute the sole proximate cause of the occurrence described hereinbefore and of the injuries and losses suffered as a result thereof.

15. The Plaintiff Perez avers that as a result of being struck by the two cases and/or boxes of what was believed to be beans, she sustained severe and painful injuries to her head, neck, shoulder, back, right foot and other parts of her body, resulting in severe and prolonged pain, suffering and discomfort, including extreme mental anguish, requiring her to seek medical care and treatment and to remain under the care of medical professionals.

16. The Plaintiff Perez avers, moreover, on account of which she reasonably believes to be the permanent nature of certain of her injuries, she has and will continue to suffer in body and in mind as a result thereof, and, likewise, will continue to be required to remain under the care of physicians and incur substantial medical expense by reason thereof.

17. The Plaintiff Perez would also show that as a result of the severe, painful, and permanent nature of certain of her injuries that she has sustained a reduction in the quality of and her ability to enjoy her life. The Plaintiff would further allege that she has sustained a reduction in productive capacity.

18. The Defendants owed a duty of care to the Plaintiff Perez to provide a premises at the Walmart free of an unsafe and dangerous condition of which they are aware or should be aware through the exercise of reasonable diligence.

19. The Plaintiffs aver that all of the Defendants in this case were and are engaged in a business relationship whereby the business entity known as Walmart is the agent, employee, division and/or servant of the Defendants. The Plaintiffs would aver that all Defendants are

4

Case 3:20-cv-00530-TRM-DCP   Document 1-2   Filed 12/22/20   Page 4 of 6   PageID #: 9

vicariously liable for the negligent acts and/or omissions of the agents, servants, employees and/or personnel of Defendants.

20. The Plaintiff, Yoni Perez, is the spouse of the Plaintiff, Cecilia Perez, and as a direct and proximate result of the acts and omissions of the Defendants, and any agents, servants, employees, and/or personnel of Defendants he has lost and will continue to lose in the future the consortium and services of his spouse.

21. The Plaintiffs allege that all of their losses and damages as set forth herein are the direct, proximate, and sole result of the negligence of the Defendants and that the Plaintiff Perez is without fault in this accident.

WHEREFORE the Plaintiffs, Cecilia Perez and Yoni Perez, pray for judgment against the Defendants, Walmart Supercenter #2065 and Walmart Inc., to wit:

A. That process issue and be served upon the Defendants;

B. That the Plaintiff, Cecilia Perez, have and recover of the Defendants the sum of One Hundred Fifty Thousand Dollars ($150,000.00) as compensatory damages;

C. That the Plaintiff, Yoni Perez, have and recover of the Defendants the sum of Fifty Thousand Dollars ($50,000.00) as compensatory damages;

D. Costs of the suit, and other relief as the Court deems proper and just;

E. For such other, further, and different relief as they may be entitled including general relief; and

F. That a jury try the issues when joined.

5

Respectfully submitted this the 25th day of November, 2020.

_____
Marcos M. Garza, BPR# 021483
Timothy L. Baldridge, BPR# 015777
Jeffrey H. Glaspie, BPR# 033311
*Attorneys for Plaintiffs*
**GARZA LAW FIRM, PLLC**
550 W. Main Street, Suite 340
Knoxville, TN 37902
(865) 540-8300

## **COST BOND**

I/We hereby acknowledge myself/ourselves as surety to for all costs in this cause, pursuant to Tenn. Code Ann. § 20-12-120.

_____
Garza Law Firm
Timothy L. Baldridge